German-American Title and Trust Company *v.* Sanford P. Campbell, Appellant.

*Principal and surety—Judgment—Opening judgment.*

A trust company became surety on a building contract and took from the defendant a judgment bond against loss as such surety. It immediately entered up the bond, and subsequently, upon failure of the contractor, completed the work with the full knowledge and consent of the

defendant. *Held*, (1) that the trust company had the right to protect itself by entering the judgment before a breach; (2) that it had the right to complete the contract; (3) that the defendant had no right to have the judgment opened.

Argued Jan. 19, 1898. Appeal, No. 289, Jan. T., 1897, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1892, No. 295, discharging rule to open judgment. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that Frederick J. Amweg, and the German-American Title and Trust Company, the plaintiff, gave a bond in the sum of $50,000 to the commissioners appointed by the governor to select a site and build an asylum for the accommodation of the chronic insane of the state of Pennsylvania, which bond recited that Amweg, by written contract with said commissioners, agreed to erect and complete the said asylum buildings on a tract of land near Wernersville, Berks county, Pennsylvania, according to the terms and conditions of said written contract and the specifications and plans thereto attached, for the sum of $304,121.22, the condition of the obligation being that if Amweg should in all respects comply with all the terms, conditions, and covenants contained and set forth in the said contract, specifications, and plans, and that if he "shall and do save, protect, and indemnify the said commissioners and the commonwealth from and against all loss, damage, or expense by reason of his failure to comply with the said contract, then this obligation to be void, but otherwise it was to be and remain in full force and virtue."

The defendant, Sanford P. Campbell, on June 17, 1892, gave his judgment bond in the sum of $10,000 to the plaintiff, reciting that said company was about to become surety for said Amweg, and that he shall and " do well and sufficiently indemnify and save harmless the said the German-American Title and Trust Company, its successors or assigns, of and from all actions, suits, loss, costs, troubles, damages and expenses whatsoever which the said the German-American Title and Trust Company, its successors or assigns, shall be put to or sustain by reason of becoming surety as aforesaid for Frederick J. Amweg."

Judgment was entered on the bond June 27, 1892.

Amweg became insolvent and the plaintiff, with defendant's full knowledge and consent, finished the building to the satisfaction of the commission.

On November 13, A. D. 1894, the defendant presented his petition to the court, and the rule to open the judgment was granted.

The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*J. Campbell Lancaster*, for appellant.—A surety is a favorite in the law, and his contract cannot be extended by implication : Miller v. Stewart, 9 Wheat. 680 ; Hutchinson v. Woodwell, 107 Pa. 520 ; Hibbs v. Rue, 4 Pa. 348 ; Bensinger v. Wren, 100 Pa. 500 ; Whelen v. Boyd, 114 Pa. 228 ; Lender v. Kline, 167 Pa. 188 ; Building Assn. v. Benson, 2 W. N. C. 541 ; Wilkes-Barre v. Rockafellow, 171 Pa. 177.

Whatever loss the plaintiff has sustained is by reason of its acting as a builder, and not as surety on the bond given to the commonwealth, as to which alone the defendant undertakes to indemnify it.

The plaintiff has shown no loss except in the most general way, and the defendant has had no day in court to dispute it : Wilson v. Cox, 37 W. N. C. 142.

*William H. Staake*, for appellee.—A judgment may be entered upon a bond and warrant of attorney, without averring that the condition of the bond is broken : Act of February 24, 1806, 4 Sm. L. 278 ; Com. v. Conard, 1 Rawle, 252 ; Integrity Title Ins. Trust & Safe Deposit Co. v. Rau, 153 Pa. 488.

The contract of suretyship is a direct liability to the creditor for the act to be performed by the debtor : Reigart v. White, 52 Pa. 438 ; Brown v. Title & Trust Co., 174 Pa. 443 ; Craig v. Craig, 5 Rawle, 98 ; 24 Am. & Eng. Ency. of Law, 777.

Where a surety takes a bond and warrant of attorney for his indemnity against several accommodation indorsements, he may issue execution on default of payment of the first note falling due : Smith v. James, 1 Miles, 162.

Where the surety holds a counter bond to indemnify and

save him harmless, he can maintain an action thereon without having paid the debt: Com. v. Morrow, 31 P. L. J. 359; Newton v. Levis, 1 Del. Co. Rep. 28; Smith v. Harry, 91 Pa. 119; Bailey v. Niles, 1 Penny. 371; Ardesco Oil Co. v. N. A. Oil & Mining Co., 66 Pa. 375.

The obligee in a bond to indemnify against claims may sue as soon as a claim is made, without waiting for judgment, or even till a suit be commenced: Miller v. Harvey, 3 Pa. 374; Bank v. Douglass, 4 Watts, 95; Stroh v. Kimmel, 8 Watts, 157; Leber v. Kauffelt, 5 W. & S. 440; Com. v. McDonald, 170 Pa. 221; Warre v. Calvert, 2 Nev. & P. 126; Ryan v. Morton, 65 Tex. 258; Brandt on Suretyship, sec. 122; Hincken v. McGlathery, 47 Leg. Int. 36.

PER CURIAM, February 7, 1898:

We see no reason to interfere with the discretion of the learned court below in refusing to open the judgment in this case. There is no dispute whatever as to the fact of the breach of Amweg's contract, and the loss of the plaintiff in its undertaking to complete the performance of his contract for the erection of the buildings in question. It is perfectly clear upon the testimony that the work done by the plaintiff was done solely as surety for Amweg, and that it was done with the full knowledge and consent of the defendant in the present judgment, who was surety for Amweg to the plaintiff, against loss by them as such surety. The plaintiff had an undoubted right to enter the judgment before breach, for its own protection, and also to complete the performance of Amweg's contract, as surety for him. We are very clear that the rule to open the judgment was properly discharged.

Judgment affirmed.