CITIZENS' TRUST & SURETY CO. v. ZANE et al.

(Circuit Court, E. D. Pennsylvania. February 5, 1902.)

No. 27.

1. CONTRACTOR'S BOND—NOTICE TO PERFORM.

The surety on the bond of a contractor is bound for necessary expenditures by the obligee in completing the work; opportunity having been given it to do the work, which it refused.

2. NOTICE TO AGENT.

The agency of one having the same general control of the business as a general manager is such that notice to him is notice to the principal.

3. BOND—RIGHT OF RECOVERY—ASSIGNS—SUBSTITUTION.

The defendants gave bond to the plaintiffs (but not to their assigns) for the completion of a building contract by one Z.; the plaintiffs being surety in turn on another bond of like character. The contractor having defaulted, the plaintiffs, after notice, undertook the completion of the work, but during the course of it, by an arrangement with a third company, transferred the bond, with their other assets, to that company, which went on and finished the operation. *Held*, that if the plaintiffs dropped the work, and had nothing further to do with it, and the company to whom they had transferred it finished it on their own account, there could be no recovery; but, the jury having found that the latter acted, not independently, but as representing the plaintiffs, whose place they took, a verdict for the plaintiffs was proper.

Sur Rule for New Trial on Verdict for Plaintiff.

Action on bond given by Frank S. Zane to the Citizens' Trust & Surety Company, in the sum of $6,400, on which the National Surety Company of New York was surety, conditioned that the said Zane should fully complete, free and clear of mechanics' liens, a certain building operation, wherein he had undertaken to build 64 houses on land conveyed to him by one John Meighan. Meighan sold the land to Zane for $31,300, and agreed to advance $56,000 to put up the buildings, taking a mortgage on the premises for $87,300. To secure himself, Meighan took a bond from the Citizens' Trust & Surety Company, and they in turn obtained the bond in suit from Zane, with the National Surety Company as surety; the interest of Meighan and the obligation of the Citizens' Surety & Trust Company to him being fully set forth therein. The jury found a verdict for the plaintiff for the full amount of the bond, with interest.

David J. Myers, for plaintiff.

S. Davis Page, for defendant National Surety Co.

ARCHBALD, District Judge.[1] That there was a breach of the bond in suit is beyond question, and with that established there was little left for controversy. The undertaking of the defendant company substantially was that Zane, the party for whom it became surety, should complete, free and clear of mechanics' liens, the 64 buildings which he was to build on the property conveyed to him by Meighan, according to the building operation which had been arranged between them. When the work was far from done, in March, 1899, he failed financially, and made an assignment for the benefit of creditors; and not only had the buildings to be completed for him, but mechanics' liens to the amount of $7,700 entered

[1] Specially assigned.

against them for work and materials, which he had not taken care of, had to be paid off in order to protect the property. The Citizens' Trust Company were interested, because they had agreed to indemnify Meighan, who had sold the land to Zane for $31,300, and had advanced $56,000 more to carry on the operation, taking a mortgage of $87,300 to secure him. All this was set out in the bond which the surety executed, and entered into the question of its liability. When Zane failed, his assignee promptly gave notice to the Citizens' Trust Company to complete the job, and they fell back upon the National Surety Company. That this company was notified of the failure, and called upon by the Citizens' Trust Company to take up the work and go on with it, cannot be successfully controverted. Not only is this established by letters which passed between the two companies, but Mr. Smith, who had general control in Philadelphia of the affairs of the National Surety Company, a New York corporation, admits that in March, 1899, about the time of Zane's default, he was called up by telephone by Mr. Cushing, who had charge for the Citizens' Trust Company, and notified that the National Surety Company would be expected to complete the work, to which he replied that they would not do it; and upon being informed that if they did not the Citizens' Trust Company would go ahead and charge it to them, he said that his company was indifferent This was clearly sufficient to hold the National Surety Company for the expenditures made necessary by reason of Zane's default. All they could ask was an opportunity to act in the matter for themselves, if they so desired; and, this having been distinctly given them, they were bound by whatever the Citizens' Trust Company was called upon to do to protect themselves on their undertaking to indemnify Meighan. Trust Co. v. Campbell, 184 Pa. 541, 39 Atl. 291. It may be that Mr. Smith was not authorized to say what the company which he represented would do or would not do in the premises, but his agency was such that in the matter of notice he certainly stood for the company. It is undisputed that he had succeeded Mr. Taylor, the general manager of the business in Philadelphia; and, while he may not have taken the same official title, he admittedly had the same general control, and that is all that was necessary. Anderson v. Surety Co., 196 Pa. 288, 46 Atl. 306. So far the steps necessary to make out a complete case for the plaintiffs were established, and the court was warranted in instructing the jury to that effect, as it did.

As to the defenses sought to be set up to the case so made out, there is but one that needs to be seriously considered. The bond in suit was to the Citizens' Trust Company, and not to their assignees; and it was only as they themselves were damaged, and became thereby entitled to indemnity, that they could have recourse to the defendants. It is contended that, after the agreement between the Citizens' Trust Company and the Union Surety Company for the transfer of its affairs by the former to the latter, the Citizens' Trust Company completely dropped out, and was supplanted by the Union Surety Company, which did everything that was subsequently done on its own account solely, and not for the

Citizens' Trust Company, which had no further interest to subserve. This, if true, was a valid defense, but it depended upon the facts produced to sustain it. The defendants largely relied on the resolutions set forth in the minutes of the two companies, but I do not find anything in them inconsistent with the idea that the one company, in taking the place of the other, intended to do more than step into its shoes. It did not break away from existing contracts. It assumed them, in terms. The contracts turned over were to be carried out. This required the Union Surety Company to take up and complete such an uncompleted operation as that of Zane's, and to do so ·it had not only nominally, but actually, to act for and under the company for whom it stood substituted. The two companies were by no means merged, nor was the Citizens' Trust Company obliterated. However intimate its subsequent relations with the Union Surety Company, it continued to preserve its separate corporate existence, as, indeed, it was bound to do, on account of the outstanding nonassenting minority stockholders. That these were concluded by the action of the majority in due meeting assembled may be conceded, but that is not the point. So long as they stood out, the corporate affairs had to be kept intact; and, until it is shown otherwise by competent evidence, we have the right to assume that they were.

Aside from the resolutions to which we have referred, the defendants relied argumentatively on the way the business relating to this operation was carried on after the transfer, but I fail to see anything that is not capable of the oral explanation given it. The failure of Zane was on March 2, 1899, and the transfer from the Citizens' Trust Company to the Union Surety Company was not till April 11th following. In the meantime the defendants had been notified, and declined, or at least neglected, to complete the work from where Zane had left it. The breach of the bond, and the obligation of the defendants to meet it, had, therefore, accrued before the Union Surety Company came in. At that time the special fund of $56,000 was nearly exhausted; the amount to the credit of the operation on April 17, 1899, being but $3,449.75. As the Union Surety Company from then on actually did the work, it was naturally and properly conducted and vouched for in its name; and that the accounts appear in that shape is of little moment, and is, at least, capable of explanation. By the time of the sheriff's sale, in June, some $1,500 or $1,600 additional had been expended; and this, according to the undisputed evidence, was advanced by the Union Surety Company for the Citizens' Trust Company; the latter having absolutely no money whatever of their own. The same is true with regard to the $7,700 paid into the court to satisfy the mechanics' liens which had priority over the Meighan mortgage. These liens had to be taken care of, and the Citizens' Trust Company was compelled to rely on the Union Surety Company to make the necessary advances, as it did. The officers of the former company testify that an arrangement to that effect was made, and no one contradicts them. It was for the jury, then, to pass upon this evidence, and deduce from it the true construction to be given to

the whole transaction. They were distinctly instructed that if the Citizens' Trust Company actually dropped it, and had nothing further to do with the case, and the Union Surety Company took their place and finished the operation on its own account, there could be no recovery. They have found for the plaintiffs, and that shows they did not take that view. As I have endeavored to point out, there was sufficient evidence to warrant them in such a conclusion, and the defendants must therefore abide by the result. The verdict establishes that the Union Surety Company acted not independently of, but as representing, the Citizens' Trust Company, whose place it took, and this made out a complete case on which the plaintiffs were entitled to recover.

Several minor matters were urged at the argument, but I see no occasion to specially consider them. The real question is the one which I have discussed, and, finding nothing that calls upon me to disturb the verdict, the rule for a new trial is discharged.